GEORGE E. ALLEN

*vs.*

GEORGIANNA ALDEN AND WILLIAM G. ALDEN.

Knox.   Opinion December 2, 1912.

*Assignment.   Breach of Contract.   Conveyance.   Consideration.   Damages.*
*Equitable Assignment.   Mortgage.   Tender.*

An action to recover damages for a breach of a contract for the conveyance
to the plaintiff of certain real estate situate in Rockland and known as
the Hiram G. Berry Block and the assignment to him of two mortgages
of $5,000 each on the Kimball Block adjoining.   The first mortgage was
held by the Rockland Savings Bank, and the second mortgage by the
defendant Georgianna Alden.   The consideration of the sale was $29,000, of
which $500 was paid at the time of the execution of the contract.   There
was inserted in said contract this provision:

'In the event of my being unable to get an assignment of said mortgage to
said Rockland Savings Bank so as to assign it to said Allen as aforesaid,
then this agreement shall be void and said $500 shall be returned to said
Allen.

The defendants seasonably applied to the said Savings Bank to secure the
purchase and legal assignment of the first mortgage on the Kimball Block,
but the bank refused to part with its mortgage and Georgianna Alden
never sought to exercise her legal right as second mortgagee to pay the
prior mortgage.   The $28,500 was seasonably tendered by plaintiff and the
defendants seasonably tendered a return of the $500.

*Held:*   1.   That the agreement contemplates only a voluntary legal assign-
ment of the mortgage obtained from the Savings Bank by purchase.

2.   That a junior mortgagee of property who redeems a prior mortgage is
entitled to be subrogated to the rights of the first mortgagee so as to
hold the first mortgage as quasi assignee for the purpose of obtaining
reimbursement for the amount paid by him to protect his interests as
second mortgagee in the event of the redemption of his own mortgage.

3.   The mere fact that one has a right to redeem a mortgage does not
enable him to compel an assignment of it to himself.

4.   The second mortgagee had the right to pay and take up the bank mort-
gage and that the practical result would be an equitable assignment of the
mortgage.

On report.  Judgment for defendant.

This is an action to recover damages for the breach of a contract for the conveyance to the plaintiff of certain real estate situate in Rockland, known as the Hiram G. Berry Block, and the assignment to him of two mortgages of $5,000 each on the Kimball Block adjoining.  The first mortgage was held by the Rockland Savings Bank, and the second by the defendant Georgiannna Alden. The consideration of the sale was $29,000, of which $500 was paid at the time of the execution of the contract.  The contract contained this provision: "In the event of my being unable to get an assignment of said mortgage to said Rockland Savings Bank so as to assign it to said Allen as aforesaid, then this agreement shall be void and said $500 returned to said Allen."  At the conclusion of the evidence, the case was reported to the Law Court for its determination.

The case is stated in the opinion.

*Reuel Robinson, Heath & Andrews,* and *Alan L. Bird,* for plaintiff.

*A. S. Littlefield,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, KING, HALEY, JJ.

WHITEHOUSE, C. J.  This is an action to recover damages for the breach of a contract for the conveyance to the plaintiff of certain real estate in Rockland known as the Hiram G. Berry Block, and the assignment to him of two $5,000 mortgages on the Kimball Block adjoining, the first mortgage being held by the Rockland Savings Bank and the second by the defendant Georgianna Alden.  The consideration of the sale was $29,000 of which the sum of $500 was paid at the time of the execution of the contract.

The provision in the contract directly involved in the decision of the question presented is found in the following clause:

"In the event of my being unable to get an assignment of said mortgage to said Rockland Savings Bank so as to assign it to said Allen as aforesaid  .  .  .  .  then this agreement shall be void and said $500 shall be returned to said Allen."

The defendants seasonably applied to the Rockland Savings Bank to secure the purchase and legal assignment of the first mortgage on the Kimball Block, but the bank refused to sell or part with its mortgage, and the defendant, Georgianna Alden, never sought to exercise her legal right, as second mortgagee, to pay the prior mortgage, and thereby obtain an equitable assignment of it.

The plaintiff made seasonable tender of $28,500 as the balance of the purchase price, and the defendants made seasonable tender of the return of the $500 received at the date of the contract.

One of the counsel for the plaintiff who drew the contract states in his testimony that before the contract was made, and while they were discussing the possibility that the Savings Bank might not be willing to make an assignment of its mortgage to the defendant, he advised them in that event "he could not compel them to make a regular assignment of the mortgage, but that being a junior mortgagee, holding a second mortgage, he would have a right to pay the first mortgage to the bank, take it up, and by so doing he would be subrogated to the rights of the bank, and that in legal effect would be, so far as he was concerned, an assignment of the mortgage." It is a fair inference from all of his testimony that the first or "tentative" draft of the contract was not entirely satisfactory, and that the defendant, Mr. Alden, wished to have a clause inserted expressly declaring the contract void in the event that the defendants were unable to obtain an assignment from the Savings Bank of the first mortgage on the Kimball Block, and that a second draft was made in the form in which the contract now appears, with the clause in question duly inserted. It does not appear, however, to have been expressly stated by the plaintiff, or any one acting in his behalf, either before or after the contract was signed that the plaintiff would be willing to accept the fact of the payment of the Savings Bank mortgage as a satisfactory performance of the contract; and it is admitted that after the signing of the contract there was never any conversation whatever between the parties in relation to the Savings Bank mortgage.

The case comes to the Law Court on report.

It is admitted that if the agreement contemplates only a voluntary legal assignment of the mortgage obtained from the Savings Bank, by purchase, the defendants are entitled to judgment. But

it is contended that the plaintiff or his assigns would have been compelled to accept an assignment of the second mortgage upon proof that the defendants had paid the first mortgage, even if not accompanied by a legal assignment of it from the Savings Bank, and that such assignment of the second mortgage by the defendants, after payment of the first mortgage, would have operated as a legal performance of the contract for the sale to the plaintiff.

It is undoubtedly well settled law that a junior mortgagee of property who redeems a prior mortgage is entitled by operation of law to be subrogated to the rights of the first mortgagee so as to hold the first mortgage as quasi assignee for the purpose of obtaining reimbursement for the amount paid by him to protect his interests as second mortgagee in the event of the redemption of his own mortgage. *Frisbee* v. *Frisbee*, 86 Maine, 444. And in case the redeeming party occupies the position of surety for the mortgage debt, he may be entitled to have a written assignment of the mortgage. *Lumsden* v. *Mann*, 96 Maine, 357; *Ellsworth* v. *Lockwood*, 42 N. Y., 89. But in the last named case, it was held that the plaintiff was not in the position of a surety, and was not entitled to an assignment. In the opinion, the court said: "Upon the whole, I do not think it can be said to be the law of this state that the right to redeem a mortgage, that is, the right to compel the holder of it to accept or receive payment of it, after it is due and payable, carries with it the right, upon such redemption, to an assignment of the mortgage unless the redeeming party has the position of surety." In Jones on Mortgages, sec. 792, the author says: "A mortgagee cannot be compelled in equity to assign his mortgage, on receiving payment, in order that subsequent parties in interest may adjust their rights. He is entitled to be paid, or to proceed to foreclosure, without being obliged to investigate titles arising after his own. He may release his interest on receiving payment and leave after-claimants to the preferences which their respective titles give them when his mortgage is discharged."

"The mere fact that one has a right to redeem a mortgage does not enable him to compel an assignment of it to himself. There may be some equitable reason for it, as that the redeeming party is in the position of a surety and is entitled to be subrogated to the position of the holder of the mortgage" . . . . "It has been

erroneously assumed in some cases that the right to compel an assignment of a prior mortgage and the debt, flows from the right of redemption."

But it is unnecessary to determine whether under the circumstances of this case the junior mortgagee could have compelled an assignment of the prior mortgage or not, and reference has only been made to the state of the law upon this subject for the purpose of suggesting that it strengthens the probability that a voluntary assignment from the Savings Bank, and no other, must have been contemplated by the parties when the clause in question was inserted in the contract. They were advised by counsel before the final draft of the contract was made, that they could not compel the bank to "make a regular assignment," but that the second mortgagee had the right to pay and "take up" the bank mortgage, and that the practical result would be an equitable assignment of the mortgage. But the defendants were evidently unwilling to be placed under obligation to raise $5,000 to pay the first mortgage or to exhaust legal remedies in the effort to obtain a written assignment. In order to avoid all such burdens and vexations, they insisted upon having the clause in question inserted in the contract. If only an equitable assignment resulting by operation of law from the payment of the prior mortgage had been in contemplation, the insertion of this clause in the contract was wholly superfluous. They all knew that such an equitable assignment could be obtained. There was no uncertainty in relation to that. But there was an uncertainty in regard to the attitude of the prior mortgagee. The bank might be unwilling to make an assignment of the mortgage. This was obviously the contingency against which the defendants wished to provide, and it is the opinion of the court that the "assignment" mentioned in that clause of the contract under consideration must be held to signify a voluntary legal assignment and no other.

*Judgment for the defendants.*